NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0479n.06

No. 21-3793

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 29, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED |
| v. | ) ) ) | STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| TERRIUNTAE HAMMOCK, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: BATCHELDER, BUSH, and DAVIS, Circuit Judges.

PER CURIAM. Terriuntae Hammock challenges the district court's application of a sentence enhancement for possessing a dangerous weapon. For the reasons set forth below, we **VACATE** Hammock's sentence and **REMAND** this case for resentencing.

Pursuant to a plea agreement, Hammock pleaded guilty to conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846; distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Hammock's convictions arose from a large-scale drug trafficking conspiracy bringing drugs from Chicago, Illinois, and distributing them in Mansfield, Ohio.

Hammock's presentence report set forth a guidelines range of 60 to 71 months of imprisonment based on a total offense level of 23 and a criminal history category of III and restricted by the five-year mandatory minimum sentence for the conspiracy count. Hammock objected to the presentence report's application of a 2-level enhancement for possessing

a dangerous weapon under USSG § 2D1.1(b)(1). At sentencing, the district court overruled Hammock's objection and sentenced him to 62 months of imprisonment followed by four years of supervised release.

In this timely appeal, Hammock argues that the district court erred in applying the 2-level enhancement for possessing a dangerous weapon. USSG § 2D1.1, the guideline for drug offenses, authorizes a 2-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "A district court's finding that a defendant possessed a firearm during a drug crime is a factual finding subject to the clearly erroneous standard of review." *United States v. Benson*, 591 F.3d 491, 504 (6th Cir. 2010) (quoting *United States v. Darwich*, 337 F.3d 645, 664 (6th Cir. 2003)). "Under this standard, 'a reviewing court must ask whether on the entire evidence it is left with the definite and firm conviction that a mistake has been committed.'" *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020) (quoting *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004)).

Application of the 2-level enhancement under USSG § 2D1.1(b)(1) requires the government to prove by a preponderance of the evidence (1) that the defendant actually or constructively possessed the weapon and (2) that such possession occurred during the commission of the offense or relevant conduct. *Id.* "In the conspiracy context, we have found that possession of a gun by one coconspirator is attributable to another coconspirator if such possession constitutes reasonably foreseeable conduct." *United States v. Barron*, 940 F.3d 903, 911-12 (6th Cir. 2019) (cleaned up). The government must prove by a preponderance of the evidence that it was reasonably foreseeable to the defendant that a coconspirator would possess a firearm. *United States v. Woods*, 604 F.3d 286, 290 (6th Cir. 2010).

The presentence report set forth the following facts regarding Hammock's possession of a dangerous weapon:

> According to a Mansfield Police Department Investigative Report, on January 23, 2020, at 10:14 a.m., officers went to 808 McPherson Street, to serve a warrant on the **defendant**. Law enforcement executed a search warrant and found a loaded, stolen 9 mm Jimenez handgun, six digital scales, $769, five grams of marijuana, 500 grams of unknown grey powder, and a bag of pills. The **defendant**, Ernest Parks and Donatrious Sylvester were arrested. Labs found there to be 0.25 grams of methamphetamine. The grey powder did not contain a controlled substance.

(R. 616, Final Presentence Report, PageID 3580). Hammock objected to the presentence report's application of the 2-level enhancement for possessing a dangerous weapon under USSG § 2D1.1(b)(1), asserting that the firearm was found in a wastebasket and was attributed to his codefendant Parks.[1]

At sentencing, the government did not present any testimony or other evidence in support of the enhancement. When the district court asked about the firearm, the probation officer stated:

> It was at the time of his arrest the defendant, as well as co-defendant—at least one co-defendant, possibly two, I believe, were present. It was in a kitchen garbage can, and there was drug paraphernalia found in the kitchen and . . . I believe that it's attributable to everybody that was in that house.

(R. 677, Sentencing Tr., PageID 4063-64). Hammock denied knowing that a gun was in the trashcan and having any ties to the house, asserting that he just stayed the night there. The government was unable to answer whether Hammock had any personal effects at the house and merely pointed to the execution of the warrant at the residence. Hammock agreed with the district court that the house was the location cited on the warrant. Overruling Hammock's objection to the enhancement, the district court stated: "I think [the probation officer's] correct that a firearm

---

[1] In his plea agreement, Parks admitted that he possessed a 9 mm handgun, along with a mixture and substance containing a detectable amount of methamphetamine and a cutting agent, on January 23, 2020, and the parties stipulated that a 2-level enhancement for possessing a firearm under USSG § 2D1.1(b)(1) was appropriate.

can be attributed to more than one defendant. I think background information suggests that he was using that and had access to the firearm and that it was used in some relation to this drug transaction—or drug conspiracy." (*Id.*, PageID 4066).

According to the government, the evidence established that Hammock himself constructively possessed the firearm. "Constructive possession of an item is the ownership, or dominion or control over the item itself, or dominion over the premises where the item is located." *West*, 962 F.3d at 187 (quoting *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996)). In support of its constructive-possession argument, the government asserts that "the officers found a stolen, loaded 9 mm Jimenez handgun in a waste basket in the kitchen, near where Hammock was standing." (Appellee Br. 11). But the government's record citations do not identify where the wastebasket was located or where Hammock was standing in the house. Even if the record showed that Hammock was standing near the wastebasket where the firearm was found, mere proximity to a firearm is not enough to establish constructive possession. *See Barron*, 940 F.3d at 916-17; *United States v. Arnold*, 486 F.3d 177, 183-84 (6th Cir. 2007) (en banc). We have held that evidence showing that the defendant was standing next to a wastebasket containing two guns, one of which had the defendant's fingerprint, was insufficient to prove constructive possession. *United States v. Beverly*, 750 F.2d 34, 37 (6th Cir. 1984). And, although an inference arises "that a person exercises constructive possession over items found in his home," *United States v. Hill*, 142 F.3d 305, 312 (6th Cir. 1998) (quoting *United States v. Morris*, 977 F.2d 617, 620 (D.C. Cir. 1992)), the government failed to present any evidence in support of its belief that Hammock was living at the house where the search warrant was executed.

The government also asserts that the evidence demonstrated that co-defendant Parks possessed the firearm and that this possession was reasonably foreseeable to Hammock. "We have

explicitly rejected 'the fiction that a firearm's presence always will be foreseeable to persons participating in illegal drug transactions.'" *United States v. Catalan*, 499 F.3d 604, 607 (6th Cir. 2007) (quoting *United States v. Cochran*, 14 F.3d 1128, 1133 (6th Cir. 1994)). "Rather, at a minimum, we require that there be objective evidence that the defendant knew the weapon was present, or at least knew it was reasonably probable that his coconspirator would be armed." *Cochran*, 14 F.3d at 1133.

We have affirmed a district court's finding that a coconspirator's possession of a firearm was reasonably foreseeable "when there are massive amounts of drugs in a single location"—i.e., "narcotics worth at least $60,000 located near the firearm." *Woods*, 604 F.3d at 291 (citing cases). "In contrast, we have been unable to affirm a finding of foreseeability when the amount of narcotics is lower." *Id*. Here, in addition to the handgun, the search uncovered six digital scales, $769, five grams of marijuana, 500 grams of a cutting agent, and a bag of pills. "[T]his is not a massive quantity of narcotics that, by itself, supports an inference of weapons." *Id*.

"When there are not 'huge quantities' of narcotics near the weapon, we have insisted upon additional evidence that the defendant expected a firearm to be present." *Id*. (quoting *United States v. Wade*, 318 F.3d 698, 702 (6th Cir. 2003)). Such additional evidence might include "telling his companions to bring a firearm, being arrested in a room with a firearm in plain view, or being involved in drug transactions with firearms present in the past." *Id*. at 292 (internal citations omitted). The record is devoid of any additional evidence that Hammock knew that a firearm was present or that he expected Parks to be armed. The government merely asserted that "Mr. Parks was there," that "we found weapons with Mr. Parks on multiple occasions," and that "there's obviously drug paraphernalia there, two conspirators are there." (R. 677, Sentencing Tr., PageID 4064). The district court's conclusion—the "background information suggests that [Hammock]

was using that and had access to the firearm and that it was used in some relation to this drug transaction—or drug conspiracy"—is not supported by the record. (*Id.*, PageID 4066). In so holding, we emphasize the significant difference between the presence of a gun and possession of a gun, and we recognize the importance of holding the government to its burden.

Based on this record, we are "left with the definite and firm conviction" that the district court clearly erred in finding that Hammock possessed a firearm for purposes of the 2-level enhancement under USSG § 2D1.1(b)(1). Accordingly, we **VACATE** Hammond's sentence and **REMAND** this case for resentencing.